## No. 464
### HEUER v. HUWE, Treas.
Common Pleas, Hamilton County
No. 180089. Feb. 23, 1924

**480. EVIDENCE—Judgment of conviction in a criminal proceeding is inadmissible, in a later civil action. But a plea of guilty in the former is admissible in the latter.**

MATTHEWS, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Action brought in the Summit Common Pleas by William Heuer, for an injunction to restrain Louis J. Huwe, County Treasurer, and others from collecting a tax for trafficking in intoxicating liquors. The evidence disclosed that Heuer was found guilty in the Akron Municipal Court of having intoxicating liquor in his possession and that he was charged in the Meyor's Court with keeping a place where intoxicating liquors were unlawfully sold, to which charge he pleaded guilty and was fined. The plaintiff objected to the competency of the record of the Mayor's Court. The plaintiff himself testified that he never conducted the business of trafficking in intoxicating liquor and that the plea of guilty was made by his attorney to avoid payment of a higher fine. Held:

The great weight of authority holds that an adjudication in a criminal case is inadmissible in a subsequent civil acton even between the same parties. Therefore the question whether plaintiff trafficked in intoxicating liquors is not res adjudicata. The plea of guilty is admissible as an admission against interest, but it is entitled to such weight only as the circumstances give it. Here the court is unwilling to give such an unsworn stateme greater weight than the plaintiff's sworn testimony or to hold that it destroys plaintiff's credibility as a witness. The preponderance of the evidence is in favor of plaintiff. Injunction is made permanent.

Attorneys—Galvin & Bauer, for Heuer; Sylvester Hickey, for Huwe; all of Akron.

## SUPERIOR COURT
### No. 465
### MARSCH v. CINCINNATI (City)
Cincinnati Superior Court
No. 5896, 1924

**941. PRACTICE AND PROCEDURE—A request for an excessive number of special charges, such as will stop the progress of the trial, will be refused as an abuse of the privilege.**

MARX, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

Marsch recovered a verdict for $750 for a sprained ankle received in a fall on a defective crossing. There was evidence of a second injury and the plaintiff was permitted to exhibit her ankle to the jury. The defendant requested twenty-one special charges be given to the jury. Some of the charges were long and some of them were asked in the alternative. The court refused all of the charges as an abuse of the privilege granted by the statute. In overruling the motion for a new trial the court held:

1. That the damages were not excessive and were not increased by improper evidence concerning a second injury. That there was nothing improper in permitting the plaintiff to exhibit her ankle to the jury, as it was the best evidence of its actual condition.

2. That where the number of requests to charge the jury is so large as to evidence an intention to defeat the purpose of the statute, rather than an intention to conform to its purpose, all of the charges will be denied.

Attorneys—Nicholas Klein, for Marsch; Dennis J. Ryan, for City; both of Cincinnati.

---

### No. 466
### SCHACHT MOTOR TR. CO v. CLEVELAND C. C. & ST. L. RY.
Cincinnati Superior Court
No. 58868, 1924

**923. PLEADINGS—Defense that accident was caused solely by negligence of plaintiff's bailee is good on demurrer.**

MARX, J

In the previous opinion of Feb. 20, 1924, this court held that contributory negligence of a bailee cannot be pleaded as a defense to an action by the bailor for dameges to the thing bailed, except it be by the negligence of a third person. The attention of the court is directed to the fact that although the issue of contributory negligence may be involved in evidence, that where each of the parties charges sole negligence upon the other, the issue of contributory negligence is not raised in the pleading.

A second defense of the answer alleges that the collision was caused "solely" by the negligence of the plaintiff's bailee, and is in effect therefore that the railway was not at fault. For the purposes of the demurrer, statement in the answer that the collision was caused solely by the negligence of plaintiff's bailee and not by negligence of the defendant, must be taken as true, and the answer states a good defense, and the demurrer must be overruled.

Attorneys—Buchwalter, Headley & Smith, for Motor Co.; Harmon, Colston, Goldsmith & Hoadley, for Railway.